**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**0** Valuation of Security        **0** Assumption of Executory Contract or Unexpired Lease        **0** Lien Avoidance

Last revised: December 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:  **Paul E Alex**

Case No.:  **16-12256-JKS**

Judge:  **Sherwood**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                ☑ Modified/Notice Required            Date:  **March 19, 2018**
☑ Motions Included        ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  **SET**        Initial Debtor:  **PEA**        Initial Co-Debtor

**Part 1: Payment and Length of Plan**

     a. The debtor shall pay a total of $5,140.00 to the Chapter 13 Trustee from March 2016 through March 2018 (25 months); the debtor shall pay $350.00 monthly to the Chapter 13 Trustee starting April 2018 for approximately 11 months. The total length of Plan is approximately 36 months.

     b. The debtor shall make plan payments to the Trustee from the following sources:
- [x] Future Earnings
- [ ] Other sources of funding (describe source, amount and date when funds are available):

     c. Use of real property to satisfy plan obligations:
- [ ] Sale of real property
  Description:
  Proposed date for completion: _____

- [ ] Refinance of real property:
  Description:
  Proposed date for completion: _____

- [ ] Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

     d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

     e. [ ] Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection      **X NONE**

     a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

     b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

     a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Scott E. Tanne** | **Attorney Fees** | 4,079.57 |
| **Internal Revenue Service** | **Taxes and certain other debts** | **2,949.16 (already paid in full)** |
| **Lisa J Banta** | **Domestic support obligations** | **being paid outside the plan pursuant to family court order** |

     b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
     Check one:
- [x] None
- [ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

### Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **IndyMac Bank / OneWest Bank** | 37 Dogwood Drive Newton, NJ 07860 | 185,000.00 | NONE - collateral surrendered in full satisfaction of debt owed to creditor. |
| **Bank of America** | 37 Dogwood Drive Newton, NJ 07860 | 185,000.00 | NONE - collateral surrendered in full satisfaction of debt owed to creditor. |

**f. Secured Claims Unaffected by the Plan** ☑ **NONE**

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| -NONE- |

**g. Secured Claims to be Paid in Full Through the Plan** ☑ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5: Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐  Not less than $____ to be distributed *pro rata*

☐  Not less than ___ percent

☑  *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6: Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

## Part 7: Motions    X NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J.**

4

**LBR 3015-1.** *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ **NONE**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

    b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

    c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

### Part 8: Other Plan Provisions
    a. **Vesting of Property of the Estate**
        ☑ Upon Confirmation
        ☐ Upon Discharge

    b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
    1) Ch. 13 Standing Trustee Commissions
    2) **Other Administrative Claims**
    3) **Secured Claims**
    4) **Lease Arrearages**
    5) **Priority Claims**
    6) **General Unsecured Claims**

    d. **Post-Petition Claims**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification    ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **February 8, 2016**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **Debtor's application for a loan modification has been denied and he is not in a position to cure the arrears through the plan.** | surrendering the property and completing the case |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date   **March 19, 2018**         /s/ **Scott E. Tanne**
                                   **Scott E. Tanne st2477**
                                   Attorney for the Debtor

Date:  **March 19, 2018**         /s/ **Paul E Alex**
                                   **Paul E Alex**
                                   Debtor

Date:  _____           _____
                                   Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date   **March 19, 2018**         /s/ **Scott E. Tanne**
                                   **Scott E. Tanne st2477**
                                   Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date:  **March 19, 2018**         /s/ **Paul E Alex**
                                   **Paul E Alex**
                                   Debtor

Date:  _____           _____
                                   Joint Debtor

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 16-12256-JKS
Paul E Alex                                                             Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2    User: admin            Page 1 of 2         Date Rcvd: Apr 04, 2018
                  Form ID: pdf901           Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 06, 2018.
```
db              +Paul E Alex,    37 Dogwood Drive,    Newton, NJ 07860-2503
cr               BANK OF AMERICA, N.A.,    c/o KOURY TIGHE LAPRES BISULCA & SOMMERS,    1423 TILTON ROAD,
                  SUITE 9,    NORTHFIELD, NJ 08225-1857
cr              +CIT Bank, N.A., fka OneWest Bank, N.A., fka OneWes,    PO Box 9013,    Addison, TX 75001-9013
cr              +Cit Bank N.A.,    Robertson Anschutz & Schneid, P.L.,    6409 Congress Ave., Suite 100,
                  Boca Raton,, FL 33487,    UNITED STATES 33487-2853
cr              +OneWest Bank Mortgage Servicing, a division of CIT,    P. O. Box 9013,    Addison, TX 75001-9013
515988466       +Bank od America,    450 American St,    Simi Valley, CA 93065-6285
515988467      #+Bank of America,    Nc4-105-03-14,    Po Box 26012,    Greensboro, NC 27420-6012
516249430        Bank of America, N.A.,    P.O. Box 660933,    Dallas, TX 75266-0933
516736176       +CIT Bank, N.A.,    Robertson, Anschutz & Schneid, P.L.,    6409 Congress Avenue, Suite 100,
                  Boca Raton, FL 33487-2853
516127814       +CIT Bank, N.A. (See 410),    c/o OneWest Bank Mortgage Servicing,    A Division of CIT Bank, N.A.,
                  P.O. Box 9013,    Addison, Texas 75001-9013
516705411       +Ditech Financial LLC,    ROBERTSON, ANSCHUTZ & SCHNEID, P.L.,    6409 Congress Ave,   suite # 100,
                  Boca Raton Fl. 33487-2853
515988469       +Equifax,    PO BOX 740241,    Atlanta, GA 30374-0241
515988470       +Experian,    PO BOX 9701,    Allen, TX 75013-9701
515988475       +Lisa J Banta,    103 Cougar Court,    Dingmans Ferry, PA 18328-4074
515988476       +Pluese, Becker & Saltzman, LLC,    20000 Horizon Way,    Suite 900,    Mount Laurel, NJ 08054-4318
516169553      ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                  TRENTON NJ 08646-0245
                 (address filed with court:  State of New Jersey,    Department of Treasury,
                  Division of Taxation,    PO Box 245,    Trenton, NJ 08695-0245)
515988477       +State of New Jersey Division of Taxation,    P.O Box 187,    Trenton, NJ 08695-0187
515988478       +Trans Union,    PO BOX 2000,    Chester, PA 19016-2000
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: usanj.njbankr@usdoj.gov Apr 04 2018 22:25:59     U.S. Attorney,    970 Broad St.,
                  Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg             +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 04 2018 22:25:57     United States Trustee,
                  Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                  Newark, NJ 07102-5235
515988471       +E-mail/Text: EBN_Notifications@OWB.com Apr 04 2018 22:25:55     IndyMac,    PO BOX 78826,
                  Phoenix, AZ 85062-8826
515988472       +E-mail/Text: EBN_Notifications@OWB.com Apr 04 2018 22:25:55     IndyMac Bank/OneWest Bank,
                  Attn:Bankruptcy Department,    2900 Esperanza Crossing,    Austin, TX 78758-3658
515988473       +E-mail/Text: EBN_Notifications@OWB.com Apr 04 2018 22:25:55     IndyMac Bank/OneWest Bank,
                  6900 Beatrice Drive,    Kalamazoo, MI 49009-9559
515988474        E-mail/Text: cio.bncmail@irs.gov Apr 04 2018 22:25:49     Internal Revenue Service,
                  PO Box 7346,    Philadelphia, PA 19101-7346
                                                                                               TOTAL: 6
```

       ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```
515988468      ##+Brady & Correale, LLP,    50 South St,    3rd Floor,    Morristown, NJ 07960-4114
                                                                                               TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 06, 2018                          Signature:  /s/Joseph Speetjens

```
District/off: 0312-2              User: admin              Page 2 of 2              Date Rcvd: Apr 04, 2018
                                  Form ID: pdf901          Total Noticed: 24
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 29, 2018 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    CIT Bank, N.A. dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Francesca Ann Arcure    on behalf of Creditor    OneWest Bank Mortgage Servicing, a division of CIT
               Bank, N.A as servicer for CIT Bank, N.A., fka OneWest Bank, N.A., fka OneWest Bank, FSB
               NJ_ECF_Notices@McCalla.com,   NJ_ECF_Notices@McCalla.com
              Francesca Ann Arcure    on behalf of Creditor    CIT Bank, N.A., fka OneWest Bank, N.A., fka
               OneWest Bank, FSB NJ_ECF_Notices@McCalla.com,   NJ_ECF_Notices@McCalla.com
              John M. Sommers    on behalf of Creditor    BANK OF AMERICA, N.A. JMSommers@KTLBSLAW.com,
               ktlbslaw@aol.com
              Laura M. Egerman    on behalf of Creditor    Cit Bank N.A. bkyecf@rasflaw.com,
               bkyecf@rasflaw.com;legerman@rasnj.com
              Laura M. Egerman    on behalf of Creditor    CIT Bank, N.A., fka OneWest Bank, N.A., fka OneWest
               Bank, FSB bkyecf@rasflaw.com,   bkyecf@rasflaw.com;legerman@rasnj.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    CIT Bank, N.A. rsolarz@kmllawgroup.com
              Scott E. Tanne    on behalf of Debtor Paul E Alex info@tannelaw.com,   tanne.ecf.email@gmail.com
                                                                                             TOTAL: 9
```